# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JASON CORTEZ TWILEY,**

      **Plaintiff,**

                      **Case No. 2:24-cv-3851**

      **v.**

**WARDEN, SOUTHEASTERN**      **JUDGE DOUGLAS R. COLE**
**CORRECTIONAL INSTITUTION,**      **Magistrate Judge Jolson**

      **Defendant.**

## OPINION AND ORDER

In her October 20, 2025, Report and Recommendation (R&R, Doc. 16, #1363), Magistrate Judge Jolson recommends that the Court dismiss Petitioner Jason C. Twiley's Petition for Writ of Habeas Corpus (Doc. 3) because she found that the state appellate court did not act unreasonably and that Twiley has not otherwise satisfied his burden. (Doc. 16, #1350, 1355, 1363). For the reasons explained below, the Court **ADOPTS** the R&R (Doc. 16), and **DISMISSES** Twiley's Petition (Doc. 3) **WITH PREJUDICE**.

## BACKGROUND

### A.    State Court Proceedings

On Monday, August 12, 2019, at 3:00 a.m., a fire broke out at the home of Brittany Littlejohn-Brown. *State v. Twiley*, 203 N.E.3d 843, 848 (Ohio Ct. App. 2022). A few hours later, Brittany's body was discovered stuffed into a garbage can with a gunshot wound. *Id.* at 848–49. At the time of Brittany's death, she was in a relationship with the Petitioner, Jason Twiley. *Id.* at 849.

The day before Brittany's death, on August 11, 2019, around 9:00 p.m., Twiley was observed at Brittany's home and briefly spoke with the next-door neighbor. *Id.* Hours later, at around 3:00 a.m., the neighbor's son observed a man who fit Twiley's description outside of Brittany's house and heard a "'dragging' noise." *Id.* A short time later, Brittany's neighbor saw smoke coming from the home and called for help. *Id.* When police searched Brittany's home, they did not locate her body, but a "large amount of blood was found throughout the house." *Id.* The Steubenville Fire Department "determined that three separate fires had been lit inside the house with gasoline." *Id.* After police searched the alley behind Brittany's home, they located Brittany's body in the detached garage of a neighbor's home, unclothed, inside a garbage can. *Id.* In a different neighbor's detached garage, they found a gas receipt and a cigarette butt. *Id.* Police traced the gas receipt to another woman's car. That woman stated Twiley had borrowed her car the night of the murder. *Id.* Later DNA testing on the cigarette butt "revealed that the likelihood of the DNA belonging to anyone other than [Twiley] was more than one in one trillion." *Id.*

U.S. Marshals located Twiley in Louisville, Kentucky. *Id.* On November 6, 2019, a grand jury in Jefferson County, Ohio, indicted him for one count of murder with a firearm specification[1], and one count of aggravated arson. *Id.* A jury found

---

[1] Under the Ohio Revised Code, a firearm specification is added to the indictment if "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed a firearm, or used the firearm to facilitate the offense and that the offender previously has been convicted of or pleaded guilty to a firearm specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code." § 2941.145(A).

Twiley guilty on all counts. *Id.* Twiley was ultimately "sentenced to life in prison, without the possibility of parole for fifteen years, on the murder count; three years on the gun specification; and eight to twelve years on the aggravated arson." (Doc. 16, #1338; *see* Doc. 8, #77–78 (judgment)).

Twiley appealed his convictions to the state appellate court, arguing that (1) "[t]he verdicts of guilty [for] murder and aggravated arson were not supported by sufficient evidence and were against the manifest weight," (2) "[t]he trial court abused its discretion in permitting the state of Ohio to introduce other-acts evidence," (3) "[t]he appellant was denied the effective assistance of counsel," and (4) "[t]he trial court abused its discretion in sentencing the appellant to consecutive sentences and the maximum sentence for aggravated arson." (Doc. 16, #1340). The state appellate court evaluated each of Twiley's assignments of error in turn, and found each to be meritless, affirming the trial court's decision. *Twiley*, 203 N.E.3d at 856–61.

Twiley, again proceeding pro se, appealed to the Ohio Supreme Court after receiving leave to file a delayed appeal. (Doc. 16, #1341); *State v. Twiley*, 170 Ohio St. 3d 1418 (2023). There, Twiley raised three arguments: (1) "[t]he [guilty verdicts] to the offenses of murder and aggravated arson were not supported by sufficient evidence and were against the manifest weight of the evidence"; (2) "[t]he trial court abused its discretion in permitting the state of Ohio to introduce other-acts evidence"; and (3) "[t]he Appellant was denied the effective assistance of counsel." (Doc. 16, #1341). On August 15, 2023, the Ohio Supreme Court declined to hear Twiley's appeal. (*Id.*; Doc. 8, #262).

3

**B.     Habeas Petition**

Now turn to Twiley's Petition for Writ of Habeas Corpus (Doc. 3) in this Court. Twiley filed his petition on August 16, 2024, raising three grounds for relief: (1) "[the] due process clause of the 14th Amendment to the U.S. Constitution was violated when the State found [Twiley] guilty of [m]urder and [a]ggravated [a]rson upon insufficient evidence," (2) "[o]ther acts evidence was entered during the trial that violated [the] due process clause of the 14th Amendment to the U.S. Constitution," and (3) "[Twiley] was denied [the] right to effective assistance of counsel as guaranteed by the 6th and 14th amendments to the U.S. Constitution." (Doc. 16, #1341–1342).

On October 20, 2025, Magistrate Judge Jolson issued her R&R (Doc. 16) recommending that the Court dismiss the petition. The R&R started with Twiley's first claim—sufficiency of the evidence. (*Id.* at #1344–50). It concluded that Twiley's claim fails because the state appellate court did not act unreasonably in determining that "when viewed in a light most favorable to the prosecution, sufficient evidence supports Twiley's convictions." (*Id.* at #1350).

The Magistrate Judge then analyzed Twiley's second claim for relief—the other acts evidence. (*Id.* at #1350–55). The R&R, again, found that the second claim fails because "Twiley has not identified any fundamental unfairness in his trial from the admission of [the other acts] evidence," and consequently, "the admission of other acts evidence [did not violate] his federal due process rights." (*Id.* at #1355).

The R&R finally turned to Twiley's third claim for relief—ineffective assistance of counsel. (*Id.* at #1355–63). Like the other two claims for relief, the R&R concluded that this third claim must also fail because the state appellate court did not act

4

unreasonably, as the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) uses that term, in concluding that performance of Twiley's counsel did not meet *Strickland*'s threshold for ineffective assistance. (*Id.* at #1363).

The Magistrate Judge then gave Twiley fourteen days to lodge specific objections to the R&R. (*Id.* at #1364). Further, the Magistrate Judge advised Twiley that failing to object to the R&R would result in a waiver of both the right to a de novo review of the R&R by a district judge and the right to appeal the decision of this Court.[2] (*Id.*). Twiley sought an extension of time to January 5, 2026, in which to object. (Doc. 18). And the Court granted that extension. (12/22/25 Not. Order). But that date has long since passed, and Twiley, despite seeking the extension, has not objected. So this matter is now ripe for the Court's review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). For unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to such review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Still, "the advisory committee

---

[2] As described below, the R&R would have been more accurate to say that failing to object would "forfeit" those rights, as opposed to "waiving" them.

notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Because this is a habeas action under AEDPA, another standard comes into play as well. Specifically, "[c]laims adjudicated on the merits in state court," as the claims were here, "are barred in federal habeas proceedings, unless the state-court decision meets one of the exceptions outlined in 28 U.S.C. § 2254(d)." *Johnson v. Bobby*, 170 F.4th 523, 530 (6th Cir. 2026) (citing *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011)). Those two exceptions provide that habeas relief may be granted in federal court only if "the decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (2) based on an unreasonable determination of the facts given the evidence presented to the state court." *Id.* at 530–31 (citing 28 U.S.C. § 2254(d); *Richter*, 562 U.S. at 97–98, 100). The petitioner carries the burden of proving that he has met this standard. *Id.* at 531 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

### LAW AND ANALYSIS

The Magistrate Judge recommends that the Court deny Twiley's petition and dismiss this action with prejudice. (Doc. 16, #1338). And because Twiley did not timely object, indeed did not object at all—timely or otherwise—the Court reviews the R&R for clear error. *Redmon*, 2021 4771259, at *1. Especially considering the

6

deferential standard of review that applies to habeas claims under AEDPA, the Court finds no clear error in the R&R's treatment of any of the three grounds Twiley raises.

1.     The R&R did not clearly err in finding that in rejecting Twiley's challenge based on the sufficiency of the evidence. In her analysis applying the "double-layered deferential standard" in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Magistrate Judge found that the state appellate court was not unreasonable in determining that the evidence was sufficient to convict Twiley, and that this determination was not "contrary" to "established Supreme Court precedent." (Doc. 16, #1347). The R&R also highlighted some of the evidence that supported that conclusion: (1) "Twiley and Brittany were in a romantic relationship for about six months" leading up to the murder, (2) the two were seen arguing in the days prior to the murder, and (3) Twiley was observed outside of Brittany's home "dragging or rolling something heavy" just before the fire started at Brittany's home. (*Id.* at #1347–1349). Additionally, Twiley had been previously observed "with a 9mm [firearm] in the month leading up to the murder," which matched the caliber of bullet that killed Brittany. Further, testimony from Caitlyn Hinkle confirmed that Twiley had borrowed her car, some items from which were found in a garage near where the police located Brittany's body. (*Id.* at #1349–1350). Combined with other evidence, including cell phone records and DNA testing, the R&R concluded that the state appellate court did not act unreasonably in determining this was sufficient to affirm Twiley's convictions. (*Id.*). Considering the body of evidence that the R&R cites, the R&R did not clearly err in denying habeas relief on this front.

2.      The Court likewise finds no clear error in the Magistrate Judge's conclusion that the admission of other acts evidence did not violate Twiley's federal due process rights. (*Id.* at #1355). Although the state appellate court found that the other acts evidence presented at Twiley's trial was prejudicial to him, "it was not unfairly so," and it was largely "relevant to prove motive and intent." (*Id.*). Besides that, the trial court issued a limiting instruction as to the jury's use of this evidence, further narrowing any possible unfair prejudicial impact. (*Id.*). Applying the Sixth Circuit's framework from *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), the Magistrate Judge found that Twiley had not identified any "fundamental unfairness" from his trial as a result of the admission of this evidence. (*Id.* at #1354–55). The Magistrate Judge did not clearly err in adopting *Bugh* as the appropriate analytical framework. And the R&R is also correct that under *Bugh*, prejudice from other acts evidence matters only if its admission results in fundamental unfairness. (*Id.* at #1354 (quoting *Bugh*, 329 F.3d at 512)). The R&R did not clearly err in finding no such fundamental unfairness from admitting the other acts evidence here.

3.      Nor did the Magistrate Judge clearly err in finding that "the state appellate court's determination that [Twiley's] counsel did not perform deficiently is reasonable." (*Id.* at #1363). The Magistrate Judge began by correctly acknowledging the difference between unreasonableness as *Strickland v. Washington*, 466 U.S. 668, 691 (1984), uses that term, and unreasonableness as 28 U.S.C. § 2254(d) uses it. (*Id.* at #1359). The former is the standard that a state court is to use in assessing ineffective assistance claims, and the latter, which imposes a more difficult-to-meet

bar, is the standard that a federal habeas court uses in reviewing the state court's decision on that claim. (*Id.*). The R&R correctly observed that, under the latter standard, to succeed on his habeas petition, Twiley must show that "'*every* fairminded jurist would agree that *every* reasonable lawyer' would have pursued a different strategy." (*Id.* at #1360 (quoting *Hartman v. Yost*, 146 F.4th 463, 474 (6th Cir. 2025) (emphasis in original))). The Magistrate Judge carefully reviewed each of Twiley's complaints about his counsel's performance and found that none cleared this high bar. (*Id.* at #1360–63). Rather, the decisions Twiley's counsel made regarding cross-examination of witnesses and objections during the course of trial constituted "trial strategy" and "tactical decisions" that did not amount to unreasonably deficient performance under *Hartman*'s every-fairminded-jurist standard. (*Id.* at #1360–1363). Nothing in the R&R's analysis on that issue comes close to clear error.

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the R&R (Doc. 16). As a result, the Court **DISMISSES WITH PREJUDICE** Twiley's Habeas Petition (Doc. 3). Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

April 24, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9